# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| RAYMOND H. GRUZINSKY, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. 12-CV-053-TCK-PJC |
| TERRY MARTIN, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner is a state inmate and appears *pro se*. When he filed his petition, Petitioner was in custody at Dick Conner Correctional Center, located in Hominy, Oklahoma. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 5). Petitioner filed a response (Dkt. # 14), and a supplement (Dkt. # 18) to the response. For the reasons discussed below, the Court finds that the issue raised in Petitioner's habeas corpus petition concerns application of state law and does not involve the denial of a constitutionally protected right. Furthermore, even if the petition stated a constitutional violation, habeas review of the single issue raised in the petition is procedurally barred. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

Records provided by Respondent demonstrate that Petitioner was taken into custody by Oklahoma County officials on February 12, 2009, pursuant to a bench warrant issued as a result of an application to revoke Petitioner's suspended sentence in Oklahoma Count District Court, Case No. CF-2000-5529. See Dkt. # 5, Ex. 13. On May 26, 2009, Petitioner was received into DOC custody, to serve the revoked suspended sentence of three (3) years as entered in the Oklahoma

County case. See id., Exs. 1 and 5. Thereafter, on January 8, 2010, Petitioner received a four (4) year sentence in Logan County District Court, Case No. CF-2008-127, to be served concurrently with Case No. CF-2000-5529.[1] On June 7, 2010, Petitioner also received a 30 year sentence, with all but the first 15 years suspended, entered in Logan County District Court, Case No. CF-2008-156, to be served consecutively to the other sentences. Id., Exs. 4, 6, and 7. Petitioner discharged his sentence in CF-2000-5529 on October 22, 2010. Id., Ex. 1. He discharged his sentence in CF-2008-127 on November 7, 2011. Id., Exs. 2 and 4. Petitioner began serving his sentence in CF-2008-156 on November 7, 2011, and he is currently in custody on that sentence. Id., Ex. 4.

On February 23, 2010, Petitioner filed a request to staff regarding the administration of his sentences. See Dkt. # 5, Ex. 12. Next, Petitioner filed an administrative grievance, no. 10-031. Id. After relief was denied, Petitioner appealed, but, on August 18, 2010, the administrative appeal was returned unanswered, as out of time. See id.

On September 7, 2010, Petitioner filed a petition for a writ of mandamus in Oklahoma County District Court, Case No. CV-10-1116. Id., Ex. 14. Relief was denied by order filed March 4, 2011. Id., Ex. 13. Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). Id., Ex. 16. On May 13, 2011, in Case No. MA-2011-215, the OCCA cited Rules 10.1(C)(2) and 10.5(5), and denied mandamus relief, finding that because Petitioner failed to provide a copy of either his petition as filed in the district court or a copy of the response filed by Respondent, the appellate court was "unable to determine if the District Court improperly denied Petitioner a writ of mandamus and whether this Court should now grant him the writ." Id., Ex. 15 at 3. Lastly, on May

---

[1] The judgment entered in Logan County District Court, Case No. CF-2008-127, also directed that Petitioner was to receive "credit for time served back to the 12th day of February, 2009." See Dkt. # 5, Ex. 6.

5, 2011, Petitioner filed a petition to assume original jurisdiction in the Oklahoma Supreme Court, Case No. 109,431. The petition was transferred to the OCCA where, on January 25, 2012, the OCCA, citing Rule 10.1(C), declined jurisdiction and dismissed the matter as untimely. Id., Ex. 19.

Petitioner filed the instant 28 U.S.C. § 2241 petition for writ of habeas corpus on February 8, 2012. In his petition (Dkt. # 1), Petitioner claims that DOC officials failed to administer his sentence in Logan County District Court, Case No. CF-2008-127, concurrently with his sentence in Oklahoma County District Court, Case No. CF-2000-5529, beginning February 12, 2009, as ordered by the Hon. Donald L. Worthington, Logan County District Judge. Id. Petitioner identifies one (1) ground for relief, as follows:

> The Oklahoma Department of Corrections is refusing to administer the sentence in Logan County Case No. CF-2008-127 in the manner proscribed on the Judgment and Sentence, in violation of Petitioner's Fourteenth Amendment right to due process.

Id.

In response to the petition, Respondent filed a motion to dismiss (Dkt. # 5). Respondent argues that the petition fails to state a claim upon which relief may be granted. See id. In addition, Respondent argues that even if the petition identified a cognizable constitutional violation, the claim would be procedurally barred. Id. In his response to the motion to dismiss (Dkt. # 14), Petitioner argues that his habeas claim is not procedurally barred because the OCCA considered his claim on the merits, finding that he did not have a clear legal right to the relief sought. He also argues that his petition states a claim for violation of his constitutional rights to due process and equal protection. Id.

3

*ANALYSIS*

**A. Petitioner's claim does not amount to denial of a constitutional right**

Upon review of the record, the Court finds Petitioner fails to state a claim for deprivation of a constitutional right. In his response to the motion to dismiss, Petitioner states that he "is not seeking jail days from the Oklahoma Department of Correction [sic], Petitioner asserts, that the (ODOC) is abusing their authority, which 'prejudice' [sic] this Petitioner, by not complying with, a 'Court Order,' in which, was 'ordered to run concurrently,' meaning at the same time from the specific date of February 12, 2009." See Dkt. # 14 at 8. Service of a sentence raises issues of state law and any misapplication of the sequence of Petitioner's sentences does not involve the denial of a constitutional right. See Ballard v. Franklin, 463 Fed. Appx. 732, 734-35 (10th Cir. Nov. 23, 2011) (unpublished)[2] (citing Harris v. Dep't of Corr., 426 F. Supp. 350, 352 (W.D. Okla. 1977) ("Matters relating to sentencing, service of sentence and allowance of any credits are governed by state law and do not raise federal constitutional questions.")); see also Handley v. Page, 398 F.2d 351, 352 (10th Cir. 1968) (holding that an issue as to whether the petitioner was serving concurrent or consecutive sentences was an issue of state law that did not raise a federal issue cognizable for federal habeas corpus relief); Burns v. Crouse, 339 F.2d 883, 883 (10th Cir. 1964) (per curiam) ("Whether the Kansas statutes [entitle the petitioner to specific credits] is a matter of state law and raises no federal issue cognizable under habeas corpus."); Campbell v. Williams, 66 Fed. Appx. 170, 173 (10th Cir. May 13, 2003) (unpublished) (a habeas petitioner's claim, involving credit for presentence time spent at home wearing a monitoring device, "is a state law issue" and did not "amount[ ] to denial of a constitutional right"); Wishom v. Roberts, 37 Fed. Appx. 338, 339-40 (10th

---

[2]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

Cir. Feb.6, 2002) (unpublished) (denying a certificate of appealability on a habeas claim involving the failure to award credits against a particular sentence, because the matter involved state law allegations previously rejected by the state courts); Newell v. Page, 280 F. Supp. 203, 204 (N.D. Okla. 1968) (a habeas petitioner's claim, which involved credit for jail time, involved "a matter of state law" (citations omitted)). In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court emphasized that, "'federal habeas corpus relief does not lie for errors of state law.' Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984) . . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. . . ." Estelle, 502 U.S. at 67-68.

In this case, Petitioner's challenge to the administration of his sentence does not rise to the level of a due process violation. Petitioner's claim concerns matters of state law.[3] Because habeas corpus relief does not lie for errors of state law, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed.

**B. Claim raised in the petition is procedurally barred**

Even if the claim raised in the petition stated a cognizable violation of due process, the claim is procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from

---

[3]Significantly, the record reflects that Petitioner did in fact receive credit for 105 days of time served in the Oklahoma County Jail on his sentence entered in Oklahoma County District Court, Case No. CF-2000-5529. See Dkt. # 5, Ex. 4 at ¶ 2.

federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (citation omitted). "This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground [ ] unless the petitioner can demonstrate cause and prejudice or a miscarriage of justice.'" Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration in original) (citation omitted); see also Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007).

Petitioner defaulted his habeas claim in state court when he failed to comply with state procedural rules requiring a petitioner to provide certified copies of the original record applicable to the writ. See Dkt. # 5, Ex. 15 (OCCA's order denying petition for writ of mandamus and citing Rules 10.1(C)(2), 10.5(5), Rules of the Oklahoma Court of Criminal Appeals). Because of Petitioner's failure to comply with the procedural rules, the OCCA was unable to consider the merits of the claim and, for that reason, denied the petition for writ of mandamus.

Applying the principles of procedural default to these facts, the Court concludes Petitioner's claim is procedurally barred from federal habeas corpus review. In refusing to consider Petitioner's claims, the OCCA imposed a procedural bar and specifically cited to Petitioner's failure to comply with Rules 10.1(C)(2) and 10.5(5). See Dkt. # 5, Ex. 15 at 2-3. The state court's procedural bar as applied to Petitioner's claims was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground and bars federal habeas review. See Hamm v. Saffle, 300 F.3d 1213, 1217 (10th Cir. 2002) (concluding that a petitioner's failure to comply with Rule 10.1(C) constituted an independent and adequate state ground because

6

"the OCCA has applied the timing requirements found in Rule 10.1(C) regularly and evenhandedly in similarly situated cases").

Because of the independent and adequate procedural bar imposed on Petitioner's claim in state court, this Court may not consider Petitioner's federal claim unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply to Respondent's response (Dkt. # 14), Petitioner argues that habeas review of his claim is not procedurally barred because the OCCA considered the merits of his claim. The Court disagrees with Petitioner's assessment of the OCCA's ruling. As stated above, the OCCA denied mandamus relief because Petitioner failed to comply with the procedural rule that he was required to provide a record of the proceedings before the district court. See Dkt. # 5, Ex. 15 at 3. Petitioner offers no explanation for his failure to provide the state district court record. As a result, the Court concludes Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claim.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). In this case, Petitioner does not assert that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Petitioner has failed to demonstrate "cause and prejudice" or that a fundamental miscarriage of justice would occur if his claim is not considered. As a result, to the extent the petition states a cognizable constitutional claim, the claim is procedurally barred.

**C. Petitioner's recently filed motions shall be denied**

On September 14, 2012, Petitioner filed a motion (Dkt. # 28) requesting the Court to order the return of legal materials confiscated by the Oklahoma Department of Corrections. Petitioner claims that the prison officials are "trying to deny access to the courts." See Dkt. # 28. On September 28, 2012, Petitioner filed a brief in support of his motion. See Dkt. # 32. First, the record in this case does not support a claim that Petitioner has been hindered in accessing the court. Petitioner filed an extensive response to Respondent's motion to dismiss, see Dkt. # 14, and has filed numerous other documents and letters. See Dkt. #s 15, 18, 19, 21, 22, 24, 26, 27. Furthermore, Petitioner's claim based on alleged retaliation by prison officials for pursuing this action does not state a claim under § 2241. Although the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). In general, federal claims challenging the conditions of confinement do not arise under § 2241. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (distinguishing between § 2241

actions and conditions of confinement suits); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (same); Merritt v. Pugh, No. 00-1129, 2000 WL 770577, at *1 (10th Cir. June 15, 2000) (unpublished) (conditions of confinement claim not properly brought under § 2241); Thompson v. True, No. 97-3275, 1998 WL 536383, at *1 (10th Cir. Aug. 18, 1998) (unpublished) (same); Murphy v. Brooks, No. 97-1175, 1997 WL 796485, at *1 (10th Cir. Dec. 31, 1997) (unpublished) (same); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (same as to § 2255). Petitioner is advised that while he may bring his claim concerning alleged interference with accessing the court in a 42 U.S.C. § 1983 complaint, the relief sought in this action, speedier release from custody, is not available in a § 1983 action. Petitioner's motion shall be denied.

On September 18, 2012, Petitioner filed a motion for appointment of counsel (Dkt. # 30). There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994). For that reason, Petitioner's motion for appointment of counsel shall be denied.

*CONCLUSION*

The petition for writ of habeas corpus fails to allege deprivation of a constitutionally protected right. In addition, the specific claim raised in the petition is procedurally barred. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. Petitioner's motion for order to return legal materials (Dkt. # 28) is **denied**.

4. Petitioner's motion for appointment of counsel (Dkt. # 30) is **denied**.

5. A separate judgment shall be entered in this matter.

DATED THIS 12th day of October, 2012.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE